IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

| | |
|---|---|
| CHIEF WARRANT OFFICER 4, et al.<br><br>　　　　　　　　　　Plaintiffs-Appellees,<br><br>　　　　　v.<br><br>SECRETARY OF THE U.S. DEPARTMENT OF DEFENSE, et al.,<br><br>　　　　　　　　　　Defendants-Appellants. | No. 22-13522 |

**DEFENDANTS-APPELLANTS' UNOPPOSED MOTION FOR A 30-DAY EXTENSION OF TIME TO FILE THE OPENING BRIEF**

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Eleventh Circuit Rule 26.1, counsel for defendants-appellants certifies that the following have an interest in the outcome of this appeal:

1. Austin, III, Lloyd J., U.S. Secretary of Defense
2. Avallone, Zach A.
3. Berger, David H., Commandant of the U.S. Marine Corps
4. Boynton, Brian M.
5. Captain
6. Captain 2
7. Captain 3
8. Carmichael, Andrew Evan
9. Carroll, Sarah
10. Chief Warrant Officer 3
11. Chief Warrant Officer 4
12. Clark, Sarah J.
13. Clendenen, Michael Patrick
14. Colonel Financial Management Officer
15. Coppolino, Anthony J.
16. Enlow, Courtney
17. First Lieutenant

18. Gannam, Roger K.

19. Gunnery Sergeant

20. Haas, Alexander K.

21. Handberg, Roger B.

22. Harrington, Sarah E.

23. Holland, Liam

24. Knapp, Cody T.

25. Lance Corporal 1

26. Lance Corporal 2

27. Lance Corporal 3

28. Liberty Counsel, Inc.

29. Lieutenant Colonel 1

30. Mast, Jr., Richard L.

31. Merritt, Robert Charles

32. Merryday, Hon. Steven D.

33. Midshipman 2/C

34. Mihet, Horatio G.

35. Porcelli, Anthony E. (mediator)

36. Powell, Amy E.

37. Reserve Lieutenant Colonel

38. Ross, Casen B.

39. Scarborough, Charles W.

40. Schmid, Daniel Joseph

41. Second Lieutenant

42. Snyder, Cassandra M.

43. Staver, Anita

44. Staver, Mathew D.

45. Sturgill Jr., Lowell V.

46. U.S. Department of Defense

47. U.S. Department of Justice

48. U.S. Marine Corps

49. Yang, Catherine

50. Various pseudonymous or unnamed members of the U.S. Marine Corps

No publicly traded company or corporation has an interest in the outcome of this appeal.

                                        */s/ Sarah Carroll*
                                        Sarah Carroll

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

| | |
|---|---|
| CHIEF WARRANT OFFICER 4, et al.<br><br>Plaintiffs-Appellees,<br><br>v.<br><br>SECRETARY OF THE U.S. DEPARTMENT OF DEFENSE, et al.,<br><br>Defendants-Appellants. | No. 22-13522 |

## DEFENDANTS-APPELLANTS' UNOPPOSED MOTION FOR A 30-DAY EXTENSION OF TIME TO FILE THE OPENING BRIEF

Pursuant to Federal Rule of Appellate Procedure 27 and Eleventh Circuit Rule 31-2, defendants-appellants respectfully request a second 30-day extension of the deadline for filing their opening brief, to and including January 27, 2023. Plaintiffs-appellees do not oppose this request.

1. In the order under review, the district court issued a classwide preliminary injunction that bars the Marine Corps from applying its COVID-19 vaccination requirement to any service member who was denied a religious exemption from the requirement after a chaplain found his or her religious beliefs to be sincerely held. The government filed a notice of appeal on October 14, 2022.

2. Pursuant to the Court's November 9, 2022 Memorandum to Counsel or Parties, the government's opening brief was initially due on November 28, 2022. On

November 9, the Clerk's Office granted the government's telephonic request for a 30-day extension of that deadline. The government's opening brief is now due on December 28, 2022.

3. An additional 30-day extension is necessary because of unforeseen circumstances that have arisen since the government made its first extension request. *See* 11th Cir. R. 31-2(d).

a. On December 8, 2022, the House of Representatives passed the National Defense Authorization Act for Fiscal Year 2023 (NDAA). In its current form, the NDAA would direct the Secretary of Defense to rescind the military's COVID-19 vaccination requirement within 30 days of enactment. *See* James M. Inhofe National Defense Authorization Act for Fiscal Year 2023, H.R. 7776, 117th Cong. § 525 (2022). Rescission of the military's COVID-19 vaccination requirement could moot this appeal from a preliminary injunction barring application of that requirement to the class of Marine Corps service members that the district court certified. At minimum, enactment of the provision in the House version of the NDAA would significantly affect the issues presented in this appeal. An extension is necessary to ensure that the parties can evaluate the impact of the final legislation and address that issue in any briefing that may remain necessary.

Relatedly, because the proposed legislation, if enacted, could entirely resolve or have a substantial impact on this litigation, a 30-day extension of the deadline for the government's opening brief would preserve the parties' and the Court's resources.

The government has therefore also moved to stay proceedings in the district court in light of the proposed NDAA.

    b. Counsel for the government has also had significant competing personal and professional obligations during the relevant period.

    Lead counsel for the government is Sarah Carroll. In addition to previously planned personal leave surrounding Thanksgiving, Ms. Carroll was unexpectedly required to take personal leave on December 7 and 8 because of a death in her family. Ms. Carroll was also promoted to a supervisory position in her office at the beginning of this month, and tasks associated with her transition to that role have consumed significant time that she would otherwise have spent preparing the government's opening brief. Ms. Carroll also has an oral argument scheduled for January 10 in *Island Industries, Inc. v. Sigma Corporation*, No. 22-55063 (9th Cir.), and is responsible for numerous time-sensitive internal matters during the intervening period.

    Charles W. Scarborough is the attorney with supervisory responsibility over this case. Mr. Scarborough is responsible for numerous other cases during the relevant period, including *Short v. Berger*, No. 22-16607 (9th Cir.) (appellee brief filed Dec. 12, 2022); *State of Tennessee v. Department of Education*, No. 22-5807 (6th Cir.) (appellee brief due Dec. 15, 2022); *Sissel v. Acting Secretary of the Army*, No. 22-5045 (D.C. Cir.) (appellee brief due Dec. 19, 2022); *Shapiro v. Social Security Administration*, No. 22-1191 (2d Cir.) (reply brief due Dec. 29, 2022); *Soto v. United States*, No. 22-2011 (Fed. Cir.) (reply brief due Jan. 9, 2023); *American Cruise Lines Inc. v. United States*, No. 22-1029 (2d

Cir.) (appellee brief due Jan. 9, 2023); *In re Teter*, No. 22-3778 (6th Cir.) (appellee brief due Jan. 11, 2023); and *Matson Navigation Co. Inc. v. Department of Transportation*, Nos. 21-1137 et al. (D.C. Cir.) (consolidated respondent briefs due Jan. 23, 2023).

An extension is also necessary in light of the upcoming holidays. Mr. Scarborough, Ms. Carroll, and many other relevant individuals within the Department of Justice, the Department of Defense, and the Marine Corps plan to be on leave in the days surrounding the government's current December 28 briefing deadline. An extension is therefore further needed to ensure that the government's brief reflects the input of all relevant agencies and decisionmakers.

4. Plaintiffs-appellees will not be prejudiced by a 30-day extension of the deadline for the government's opening brief, and their counsel has stated that they do not object to the requested relief. The preliminary injunction that they obtained remains in force and will protect them from adverse actions as a result of their vaccination status while this appeal is pending.

Respectfully submitted,

*/s/ Sarah Carroll*
CHARLES W. SCARBOROUGH
LOWELL V. STURGILL JR.
SARAH CARROLL
CASEN B. ROSS
SARAH J. CLARK
  *Attorneys, Appellate Staff*
  *Civil Division*
  *United States Department of Justice*
  *950 Pennsylvania Avenue, NW, Rm. 7511*
  *Washington, D.C. 20530*
  (202) 514-4027

DECEMBER 2022

5

## CERTIFICATE OF COMPLIANCE

I hereby certify that this document complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A). This document contains 846 words.

/s/ Sarah Carroll
Sarah Carroll

## CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2022, I caused the foregoing to be filed with the Court using the appellate CM/ECF system, which constitutes service on all parties under the Court's rules.

*/s/ Sarah Carroll*
Sarah Carroll